PRICE, Judge.
This suspensive appeal was taken by the under-tutrix from a judgment authorizing a tutrix to use funds belonging to her minor children to pay for a portion of the purchase price of a mobile home.
Mrs. Jennifer Vines, the mother of the minors, Terry Glynn and Shawn Edward Vines, was appointed natural tutrix of her children after the death of her husband, Jerry G. Vines. The paternal grandmoth *895 er, Mrs. Pauline Vines, was appointed under-tutrix.
The tutrix was granted permission to sell the interest of the minors in the family home in Jackson Parish for the sum of $14,000 with the requirement by the court that the proceeds of the sale be deposited in a savings and loan institution and subject to withdrawal by permission from the court. This transaction was agreeable with and recommended by the under-tutrix.
Shortly after the sale of the residence, the tutrix brought this contradictory proceeding against the under-tutrix asking for permission from the court to withdraw the sum of $6,932.82 from the funds on deposit belonging to the minors to be used in connection with the purchase of a 14x70 foot Ritz Craft Mobile Home for use as a residence for herself and the two children. Permission is also sought to expend an additional sum not to exceed $1,000 for costs related to installation of a septic tank, sewerage lines, and the drilling of a water well to service the mobile home in the event it is not placed in a rental park which provides these facilities. The under-tutrix appeared at the hearing on the rule nisi and opposed plaintiff’s request. The trial judge rendered judgment authorizing the expenditure as requested by plaintiff. From this judgment, the under-tutrix has perfected this suspensive appeal.
A motion to dismiss the appeal has been filed in this court by appellee, alleging the suspensive appeal bond was not timely filed and that the bond as filed was defective. The following chronology of events subsequent to rendition of judgment are pertinent to this issue:
1) July 18, 1975, judgment was signed by the trial court.
2) July 25, 1975, a suspensive appeal order was granted by trial court fixing return date and amount of bond.
3) August 1, 1975, the trial court set aside its prior order granting a sus-pensive appeal and allowed seven days for application of supervisory writs.
4) September 25, 1975, this court in exercise of is supervisory power rendered judgment ordering a suspensive appeal.
5) October 2, 1975, a suspensive appeal bond was filed in the amount fixed by the court.
From the foregoing, it is apparent the bond was timely filed. Any objection to the deficiency in the bond should have been raised by an attack on its validity in the trial court and not by motion to dismiss. We find no merit to appellee’s motion to dismiss and order it overruled.
Appellant’s principal argument on the merits of this appeal is that the trial court’s judgment is contrary to the provisions of C.C.P. Article 4261 which provides as follows:
The tutor shall have custody of and shall care for the person of the minor. He shall see that the minor is properly reared and educated in accordance with his station in life.
The expenses for the support and education of the minor should not exceed the revenue from the minor’s property. However, if the revenue is insufficient to support the minor properly or to procure him an education, with the approval of the court as provided in Article 4271, the tutor may expend the minor’s capital for these purposes.
Appellant contends that the above article limits the expenditures for the support and education of minors to the amount of revenue produced from the minors’ property except where it is shown that this revenue is insufficient for these purposes. She further contends the evidence presented shows the minors’ income from the interest on the savings account when added to the Social Security benefits of $440 per month *896 is adequate for their support and education.
Plaintiff testified she proposes to purchase the mobile home from a dealer in Jonesboro for a total sum of $10,399.30, and intends to pay one-third of this amount herself with the two children paying the other two-thirds from their funds.
Plaintiff testified she intends to move from Jonesboro to Baton Rouge where she has applied for employment. She also contends the agreement with the mobile home dealer includes transporting the unit to Baton Rouge. She further testified she cannot afford to pay the entire cost of the mobile home herself and considers it proper for the two children to provide two-thirds of the cost from their funds.
Her sole justification for setting this proportion is that the children would be two of the three persons to occupy the trailer and she felt they should pay two-thirds of the cost.
Although there are no pleadings request-' ing permission to mortgage the minors’ interest in the property proposed to be purchased and there is no authorization in the judgment rendered for such, there is some testimony in the record that plaintiff intends to pay her one-third of the purchase price on terms of credit. There is an inference in the testimony she may be required to mortgage her undivided interest in the mobile home as security which could jeopardize the undivided interests of the minors should a default occur in payment of her obligation.
The natural parent of a minor owes the obligation of supporting, maintaining, and educating him. Louisiana Civil Code Article 227. Under the tenor of C.C.P. Article 4261 the court should not authorize an expenditure of the capital belonging to the minor unless it is clearly shown to provide him with support or an education.
In the instant case, the evidence shows the revenue being received monthly by the tutrix on behalf of the minors is in excess of $440 per month. This is the amount received from Social Security benefits alone. The evidence is unclear on the amount of interest the sum invested in a savings and loan association amounts to per month. The sum on deposit appears to be approximately $15,000. Additionally, the mother receives $220 Social Security benefits for herself.
We do not find the evidence to show with sufficient clarity that it is necessary for such a substantial amount of the minors’ property to be spent to provide them with housing or that such an expenditure as proposed would be in their best interest, particularly in that the expenditure is for movable property subject to depreciation.
We are hesitant to interfere with the discretion of the trial judge in such a matter. However, the judge’s reasons which appear in the transcript convince us he reluctantly granted the permission requested because he felt he should accord great weight to the financial judgment of the parent who had the direct responsibility of rearing the children.
It is the duty of the court to substitute its own judgment for that of the natural tutor under Article 4261 where it is apparent the request of the tutor is not a prudent act of administration of the minors’ property.
In accord with the foregoing, the judgment appealed from is reversed and the permission sought by plaintiff to expend funds on deposit belonging to the minors in the purchase of a mobile home is denied.
All costs including this appeal are assessed to plaintiff.
Before BOLIN, PRICE, HALL, MARVIN and JONES, JJ.